August 6, 1894.

Attachment. Before Judge HARRIS. Coweta superior court. October term, 1893.

REESE & GROW and REID & STEWART, for plaintiff in error. ADAMSON & JACKSON, *contra.*

THE FARMERS CO-OPERATIVE MANUFACTURING COMPANY *et al. v.* THE MIDDLE GEORGIA MANUFACTURING AND IMPROVEMENT COMPANY.

1. The petition sets forth a cause of action. A bond with security, given since the act of October 15th, 1885, to dissolve a garnishment, but conditioned to pay the judgment recovered in the action instead of pursuing the terms of the statutory condition, may be enforced by suit, subject however to any substantial defence, such as non-liability of the garnishee or exemption of the fund garnished, which would have prevented the fund from being adjudged subject, and hindered judgment from being entered up on the bond had it been given with the condition prescribed by the statute.

2. That a receiver is improperly sued with other defendants without leave of the court that appointed him, is no cause for sustaining a joint demurrer by all of the defendants. The receiver, however, should be stricken from the action as a defendant where no leave to sue him could have been properly granted.

August 14, 1894.                                    *Judgment affirmed.*

Action on bond. Before Judge HUNT. Spalding superior court. January term, 1893.

October 25, 1890, suit was brought against the Farmers Co-operative Mfg. Co. for $3,637.94, and garnishment issued and was served, the garnishee having at the time $3,815.82 in money and a larger amount in notes belonging to said company and subject to the garnishment. To get possession of the same, the company, with five

individuals as securities, entered into a bond in the sum of $7,375, dated October 30, 1890, payable to plaintiff, reciting the pending action and the issuance and service of the garnishment, and conditioned that if the company should pay to plaintiff "the amount which may be recovered in said action, and cost thereon, then this bond to be void." This bond was left with the clerk of the court, who having accepted and approved it, notified the garnishee of the fact; whereupon the garnishee surrendered to the company the money and notes mentioned, by reason and on the faith of the bond, which was given to dissolve the garnishment. At the September term, 1893, plaintiff obtained judgment against the company for $3,215.72 principal, besides interest and costs, payment of which having been refused by the principal and sureties in the bond, plaintiff brought this suit on the same, alleging the foregoing facts, with the further fact that the defendant company had been put into the hands of a receiver by order of the court where the suit was brought, and that the receiver also failed and refused to pay the judgment. Defendants' demurrer to the petition was overruled, the grounds being: No cause of action. No allegation that the garnishee ever answered, admitting property or funds in his hands subject to the garnishment, which the court decided were subject thereto had it not been dissolved; nor any allegation of judgment of the court against the property against which the garnishment issued. Failure to set out any affidavit or bond to authorize the issuance of garnishment. No judgment can be obtained against the company which would bind the assets in the receiver's hands; and no permission of the court to sue the receiver appears.

Dismuke & Mills and J. S. Boynton, for plaintiff in error. Hammond & Cleveland and R. T. Daniel, *contra.*