20258. HINSON et al. v. FARMERS BANK OF ALAMO.

STEPHENS, J. 1. Where a garnishee pays to the defendant whatever indebtedness or fund due to or belonging to the defendant has become impounded by the garnishment, and the garnishee afterwards, by reason of the non-exemption from garnishment of the indebtedness or fund so impounded, and of the non-dissolution of the garnishment, or otherwise, remains, by virtue of the garnishment, bound to the plaintiff for the defendant's debt, the garnishee stands in the relation of a surety to the plaintiff for the defendant's debt; and applying the principle of subrogation of a surety to the right of the creditor against the principal debtor, as provided in sections 3567 and 3568 of the Civil Code of 1910, the garnishee, after paying the judgment rendered in behalf of the plaintiff against the garnishee, is legally subrogated, both in law and in equity, to the plaintiff's rights against the defendant, and in whatever securities the plaintiff may have for the payment of the defendant's debt. The garnishee is subrogated to the rights of the plaintiff against the sureties upon a bond given by the defendant to the plaintiff after the institution of the garnishment proceedings, conditioned to pay the plaintiff "the amount which may be recovered and the costs thereon in said action," and it is immaterial whether this bond operated as a statutory bond to dissolve the garnishment under the provisions of section 5280 of the Civil Code of 1910. In any event it is a legal and binding obligation against the obligors thereon; and the garnishee, by virtue of having been legally subrogated, both in law and equity, to the rights of the plaintiff as obligee in the bond, against the obligors, can in his own name, or in that of the obligee of the bond suing for the use of the garnishee, maintain suit on the bond against the principal and sureties thereon. See, in this connection, *Wilkins* v. *Gibson*, 113 *Ga.* 31, 42 (38 S. E. 374, 84 Am. St. R. 204) ; *Hull* v. *Myers*, 90 *Ga.* 674 (16 S. E. 653) ; *Farmers Co-operative Manufacturing Co.* v. *Middle Georgia Manufacturing Co.*, 94 *Ga.* 673 (20 S. E. 117) ; 25 R. C. L. 1329; 37 Cyc. 402.

2. An allegation in a petition that the plaintiff is "The Farmers Bank of Alamo, a branch of the Farmers Bank of Glenwood, of said county, a

banking corporation," is an allegation that the plaintiff is a legal entity."

3. The petition set out a cause of action, and the demurrer thereto was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1930.

*Hamilton Burch, H. W. Nalley,* for plaintiff.
*W. S. Mann,* for defendant.