SOUTHERN SURETY CO. et al. v. HOUS-
TON LIGHTING & POWER CO.,
1905, et al.  (No. 349.)

(Court of Civil Appeals of Texas. Beaumont.
May 16, 1918.  Rehearing Denied
June 5, 1918.)

MASTER AND SERVANT ☜389 — WORKMEN'S
COMPENSATION—SUBROGATION OF INSURER.
    Neither section 6, part 2, of the Workmen's
Compensation Act (Acts 33d Leg. c. 179 [Ver-
non's Sayles' Ann. Civ. St. 1914, art. 5246qq]),
providing that the insurance associations may
recover indemnity from other persons who
would have been liable to the insured em-
ployé, nor any other part of the act, in ex-
press terms or by implication, confers authority
upon the insurer to reimburse himself for com-
pensation paid to an injured employé as against
a third person through whose negligence the
injury occurred, or to be subrogated to the
rights of the beneficiary as against such third
person.

    Appeal from District Court, Harris
County; Henry J. Dannenbawn, Judge.

    Suit by the Southern Surety Company and
another against the Houston Lighting &
Power Company, 1905, and others.  From a
judgment sustaining defendants' demurrers
to petition, plaintiffs appeal.  Affirmed.

    Andrews, Streetman, Burns & Logue and
W. L. Cook, all of Houston, for appellants.
Baker, Botts, Parker & Garwood, K. C.
Barkley, and Jno. W. Parker, all of Houston,
for appellees.

    HIGHTOWER, C. J.  This suit was filed
in the district court of Harris county by
Southern Surety Company and Southwestern
Surety Insurance Company, as plaintiffs,
against Houston Lighting & Power Company,
1905, and Mrs. Rowena Hauck, a single wo-
man, John W. Parker, and K. C. Barkley,
as defendants.  All defendants answered and
each interposed a general demurrer and gen-
eral denial to the plaintiffs' petition, and
each of the general demurrers was sustained
by the trial court, from which action of the
trial court this appeal has been properly
prosecuted.

    In order that there may be no mistake as
to the statement of the cause of action, or
claimed cause of action, relied on by appel-
lants, we here copy their petition in full, to
wit:

    "Come now Southern Surety Company and
Southwestern Surety Insurance Company, here-
inafter styled plaintiffs, complaining of the
Houston Lighting & Power Company, 1905, and
Mrs. Rowena Hauck, a feme sole, John W.
Parker, and K. C. Barkley, defendants, and
for cause of action show to the court:
    "(1) Southern Surety Company is a cor-
poration organized under the laws of the state
of Missouri for the purpose of conducting an
insurance business, and said corporation has
now, and had at all times hereinafter mention-
ed, a permit to do business in the state of Tex-
as, including within its charter power and its
said permit the right to insure subscribers
under the Texas Workmen's Compensation Act,
hereinafter more fully referred to.

    "(2) Southwestern Surety Insurance Com-
pany is a corporation organized under the laws
of the state of Oklahoma, having until the date
it ceased business, hereinafter referred to, a
permit to do business in the state of Texas,
with charter powers and authority under its
permit to insure subscribers under the Texas
Workmen's Compensation Act, hereinafter
more fully referred to.
    "(3) Houston Lighting & Power Company,
1905, is a corporation organized under the
laws of the state of Texas, with its principal
office and place of business in Houston, Harris
county, Tex., and with Hon. E. B. Parker, a
resident of Houston, Harris county, Tex., as
its president, upon whom service may be had.
    "(4) Mrs. Rowena Hauck is a resident citi-
zen of Houston, Harris county, Tex., and a
feme sole.
    "(5) Messrs. John W. Parker and K. C.
Barkley are resident citizens of Houston, Har-
ris county, Tex.
    "(6) On or about the —— day of ——,
Southwestern Surety Insurance Company ceas-
ed business, and under an arrangement with
Southern Surety Company to that end, trans-
ferred to said company all of its rights, fran-
chises, property, and assets of every character;
and said Southern Surety Company, under said
arrangement, in consideration of such transfer,
assumed all the demands, liabilities, and causes
of action of every character which might or
could be asserted against the said Southwest-
ern Surety Insurance Company, including the
obligation to pay compensation to injured em-
ployés under any and all compensation insur-
ance policies theretofore issued by Southwest-
ern Surety Insurance Company.
    "(7) On, to wit, the —— day of ——, and
prior to November 25, 1915, Southwestern
Surety Insurance Company, for a consideration,
issued to Frank Schott, a baker engaged in
business in Houston, in Harris county, Tex.,
its certain policy of compensation insurance,
obligating said insurance company to pay the
compensation provided for in the Texas Work-
men's Compensation Act, and to otherwise
comply with the provisions stipulated therein,
whereby and by reason of giving adequate no-
tice and otherwise fulfilling the conditions of
the act said Frank Schott became and was on
said 25th day of November, 1915, a subscriber
within the meaning of said act; and said policy
of insurance thus issued was in full force and
effect as of that date.  On, to wit, the 25th day
of November, 1915, Otto Hauck, being then in
the employment of said Frank Schott, a baker
as aforesaid, and subscriber under said act as
aforesaid, met his death as the result of an
electrical shock sustained in the course of his
employment, which said electrical shock was
produced by electricity generated and convey-
ed to the plant of Frank Schott by the Houston
Lighting & Power Company, 1905, which com-
pany, under a contract and agreement with
said Frank Schott, was regularly undertaking
to furnish light and motor power for the opera-
tion of said bakery.
    "(8) At the time of the death of Otto Hauck,
aforesaid, he left surviving him as claimants of
compensation and damages Mrs. Rowena
Hauck, his wife, and William Hauck, his father,
and Bertha Hauck, his mother.
    "(9) On, to wit, the —— day of ——, and
subsequent to the death of said Otto Hauck,
Messrs. John W. Parker and K. C. Barkley, as
attorneys of record, filed suit in behalf of said
Mrs. Rowena Hauck, said William Hauck, and
said Mrs. Bertha Hauck, to recover damages
of and from the Houston Lighting & Power
Company, 1905, alleging negligence on the
part of said corporation, its servants, and
agents in causing the death of said Otto Hauck.
    "(10) Said suit for damages and the cause

of action involved was, without a trial, compromised, settled, and adjusted, and the respective interests of the parties fixed as shown by written instruments executed, respectively, on, to wit, April 25, 1916, and April 27, 1916; a true and correct copy of each of said instruments being hereto attached and marked, respectively, Exhibit A and Exhibit B, and each of said instruments being made a part hereof as though fully copied in this paragraph.

"(11) Said Exhibit A evidences a contract and agreement by and between Mrs. Rowena Hauck, surviving wife of Otto Hauck, of the one part, and William Hauck and Bertha Hauck, parties of the second part, whereby the said William Hauck and Bertha Hauck accepted the sum of five hundred dollars ($500) out of the consideration for the compromise, adjustment, and settlement of the cause of action asserted against the Houston Lighting & Power Company, 1905, in full and complete settlement and satisfaction of any interest said parties or either of them claimed or had for damages or for compensation by reason of the death of Otto Hauck; all of their right, title, and interest against either the Houston Lighting & Power Company, 1905, or against the insurance company being assigned to the said Mrs. Rowena Hauck.

"(12) Exhibit B evidences a contract and agreement by and between Mrs. Rowena Hauck, William Hauck, and Bertha Hauck, parties of the one part, and Houston Lighting & Power Company, 1905, party of the second part, whereby, for a consideration of seventy-five hundred dollars ($7,500) and court costs paid and to be paid to the parties of the first part by parties of the second part, the aforesaid suit for damages was to be dismissed and not further prosecuted at any time in the future. Of the aggregate consideration named, thirty-five hundred dollars ($3,500) was paid in cash, and as to the remaining four thousand dollars ($4,000) and interest thereupon, said Houston Lighting & Power Company, 1905, under and by virtue of said contract, promised, bound, and obligated itself to pay, subject to the stipulations and conditions hereinafter stated, said sum to Mrs. Rowena Hauck, John W. Parker, and K. C. Barkley, in the respective amounts of twenty-seven hundred and fifty dollars ($2,750), seven hundred and fifty dollars ($750) and five hundred dollars ($500) with interest at the date of six per cent. (6%) per annum from the date of the agreement. But, in contemplation of the claim by Southwestern Surety Insurance Company for subrogation, by reason of said corporation being the insurer of Frank Schott under the Texas Workmen's Compensation Act, and the consequent obligation and liability to pay compensation on account of the death of Otto Hauck, said promised payments aforesaid were conditioned upon the failure of said insurance company to maintain its claimed right of subrogation in the courts; and it was stipulated that if such claim should be sustained, in that event, 'for so much as the party of the second part shall pay to the insurance company on account of its subrogation, to that extent shall the party of the second part have credit on this obligation, holding itself liable and bound to pay as stated the balance to the parties named.' It was further provided that the second party's obligation to pay a part or all of said four thousand dollars ($4,000) would mature when and only when there had been a final adjudication by a Court of Civil Appeals or the Supreme Court of Texas as to the right of Southwestern Surety Insurance Company to subrogation against the party of the second part. For full and more complete details of the contracts and agreements and their nature and effect, reference is hereby made to said Exhibits A and B.

"(13) Otto Hauck at his death was earning, and had been earning for more than six months

prior thereto, the sum of twenty-one and $50/100$ dollars ($21.50) per week, and under and by virtue of the provisions of the Texas Workmen's Compensation Act and said policy, the beneficiaries under said act were entitled to have and receive the sum of twelve and $90/100$ dollars ($12.90) per week for a period of 360 weeks, or, in the event of a lump sum settlement, such amount as the parties might agree upon, with the approval of the Industrial Accident Board, which payment or payments said Southwestern Surety Insurance Company, by issuing its policy to Frank Schott, as aforesaid, assumed to make, and which said Southern Surety Company, by its agreement and contract with Southwestern Surety Insurance Company, promised, bound, and obligated itself to make in lieu of said Southwestern Surety Insurance Company.

"(14) Pursuant to the obligations imposed upon it under said act, Southern Surety Company, for Southwestern Surety Insurance Company, and in liquidation of the obligations of said Southwestern Surety Insurance Company in the premises, actually paid at the rate of $12.90 per week the sum of $361.20, and thereafter, under an agreement for a lump sum settlement, approved by the Industrial Accident Board, paid the further sum of $3,726.27, aggregating the sum of four thousand eighty-seven and $47/100$ dollars ($4,087.47), paid by Southwestern Surety Insurance Company and Southern Surety Company to Mrs. Rowena Hauck as compensation on account of the death of Otto Hauck, as a result of injury sustained in the course of his employment by Frank Schott.

"(15) Plaintiffs further show to the court that by entering into the compromise agreement aforesaid with the Houston Lighting & Power Company, 1905, the parties plaintiff therein, including the said Mrs. Rowena Hauck and her attorneys, John W. Parker and K. C. Barkley, deprived Southwestern Surety Insurance Company and its successor, Southern Surety Company, of all opportunity of recouping itself for the amount paid out as a result of the death of Otto Hauck by an action in damages against the Houston Lighting & Power Company, 1905; since, under the law applicable to such matters, the rights of the insurance company would be by way of subrogation to the asserted cause of action brought by Mrs. Rowena Hauck and the parents of Otto Hauck, deceased; and in compromising and settling said suit and said cause of action, said parties closed the door against these plaintiffs in that direction, and they are now compelled to seek relief out of the fund which said Houston Lighting & Power Company, 1905, agreed to pay, conditionally, and which said fund said Houston Lighting & Power Company now holds, subject to the result of this suit.

"(16) Plaintiffs further show that, promises considered, under and by virtue of the obligations assumed in said policy of insurance, and imposed by said Texas Workmen's Compensation Act, such being rendered fixed and certain by the death of Otto Hauck in the employment of Frank Schott, a subscriber, and by virtue of the payment, in response to said obligations, by Southwestern Surety Insurance Company and Southern Surety Company of the aggregate sum of four thousand eighty-seven and $47/100$ ($4,087.47), and under and by virtue of the obligations assumed by Houston Lighting & Power Company, 1905, in compromising and settling the cause of action asserted against it in said suit, and under and by virtue of the right of subrogation which in law inures to the benefit of these plaintiffs, said Houston Lighting & Power Company, 1905, promised, bound, and obligated itself and is now obligated to pay to plaintiffs the amount of money thus paid out by them, or so much

thereof as the fund held by said Houston Lighting & Power Company, 1905, will liquidate and satisfy. Having made demand for payment of said sum, plaintiffs further show that said Houston Lighting & Power Company, 1905, wholly fails to pay the same or any part thereof, to plaintiffs' damage in the sum of five thousand dollars ($5,000).

"(17) Plaintiffs further show that, by accepting the compensation payments aforesaid, Mrs. Rowena Hauck thereby in law and in equity relinquished and set over to the plaintiffs an interest in her said cause of action against Houston Lighting & Power Company, 1905, on account of the death of Otto Hauck to the extent of such payments; and by virtue of said payments made pursuant to the obligations theretofore assumed, plaintiffs became subrogated to the extent thereof to any rights against Houston Lighting & Power Company, 1905, asserted by Mrs. Rowena Hauck; and under the principles of law and equity applicable, premises considered, said Mrs. Rowena Hauck and her said attorneys holding and claiming under her an interest in said sum of money should now be required to relinquish the same in favor of these plaintiffs, and all right, title, and interest thereto should be adjudicated to these plaintiffs.

"(18) While insisting that the compromise entered into by Houston Lighting & Power Company, 1905, amounts to an admission of liability on its part for the death of Otto Hauck, and forecloses any question of negligence, yet, pleading in the alternative on this point, plaintiffs allege that the death of Otto Hauck was due to negligence of the Houston Lighting & Power Company, 1905, in that said corporation failed to exercise ordinary care in guarding against the hazard of injury or death in conducting its electrical current into the premises of Frank Schott. Plaintiffs cannot more particularly aver the negligence than to say that said Otto Hauck and his employer were in no sense negligent in the premises, and that the dangerous agency resulting in said Otto Hauck's death was entirely in the control of the Houston Lighting & Power Company, 1905, and said death, happening as it did without fault or negligence on the part of the said Otto Hauck, or his employer, itself evidenced negligence of the Houston Lighting & Power Company, 1905.

"Wherefore, premises considered, plaintiffs pray that citation issue to each of the defendants to appear and answer this petition, and that upon hearing of this cause plaintiffs have their judgment against Houston Lighting & Power Company, 1905, in the aggregate amount of the sum of four thousand dollars ($4,000), with interest thereupon from April 27, 1916, and that Houston Lighting & Power Company, 1905, be discharged as from any claims to said fund asserted by Mrs. Rowena Hauck, or John W. Parker, or K. C. Barkley, and that said parties and each of them be divested of any right, title, or interest in and to said sum, and that all such right, title, and interest be vested in these plaintiffs; and for all and singular such other and further rights and remedies as plaintiffs may be entitled to have and receive in law or in equity, and as in duty bound will ever pray."

There is but one assignment of error found in appellants' brief, which is, in substance, that the trial court erred in sustaining a general demurrer to their petition, because it appeared therefrom that same stated a cause of action, and that the averments therein, taken to be true, would entitle appellants to the relief prayed for. Under this assignment we find two propositions, as follows:

"(1) Where an insurer under the Texas Workmen's Compensation Act pays compensation to a beneficiary of a deceased employé of a subscriber, and where such beneficiary sues a third party for damages, claiming that deceased's death was due to negligence of such third party, and where such third party compromises the suit for a consideration, partly in cash and partly a fund held to protect itself against a claim for reimbursement by the insurer aforesaid, such fund would, under the law applicable to said Compensation Act and peculiar facts of this case, be subjected to the payment of said insurer's claim for reimbursement; all parties being before the court.

"(2) Under the Texas death-injury statute, and the law applicable thereto, Mrs. Rowena Hauck, if permitted to recover, could have recovered nothing save and except compensatory damages of and from Houston Lighting & Power Company, 1905, on account of the death of her husband negligently caused by said corporation, its servants, and agents; and since the Texas Workmen's Compensation Act was intended as a substitute for the remedies under the death-injury statute, and was not intended to enlarge the scope of benefits to be received by a survivor of a deceased employé, and since no such survivor would be entitled under the law to more than adequate compensation on account of the death, and since, by her own volition, Mrs. Rowena Hauck compromised the suit in which it must be presumed she could have recovered full compensation, so much of the consideration for such compromise as would be required to reimburse an insurer under the Texas Workmen's Compensation Act for moneys paid her as compensation should be deducted and applied to reimburse such insurer."

Thus it will be readily seen that appellants, who were insurers under the Texas Workmen's Compensation Act, against the injury which resulted in the death of Otto Hauck, and who, under the terms of the act and the provisions of its policy, became liable to Mrs. Rowena Hauck, as the sole beneficiary, and who have discharged that liability by paying to said beneficiary the full amount of its obligation, now claim that they are entitled to be reimbursed by the Houston Lighting & Power Company for the full amount so paid by them, on the ground that the death of said Otto Hauck was negligently caused by said Houston Lighting & Power Company. It is argued by appellants, among other things, that they are entitled to the relief sought, as follows: (1) Under the terms and provisions, as well as under the broad scope and purpose, of the Texas Workmen's Compensation Act; (2) because Mrs. Hauck claims and could have received under the Texas death-injury statute only compensatory damages (if any at all), and because she settled, of her own volition, with a negligent third party causing the damages, with notice that appellants would demand and seek reimbursement from such negligent third party; and that if the terms of settlement precluded appellants from pursuing this negligent third party this fact would necessarily be attributable to Mrs. Hauck's wrongful settlement, requiring that she relinquish all claim to the fund in question; or, if the terms of settlement still left it open for appellants to pursue the negligent third party, this suit was properly filed for that purpose, and the petition stated a cause of action; that therefore the demurrers were improperly sustained.

We have searched in vain the provisions of the Texas Workmen's Compensation Act of 1913 (the amendment of 1917 can have no application here), and we have found nothing which in express terms supports the contention of appellants here, and therefore if their contention can have any support by the provisions of said act it must be that it is afforded by implication only. We note that appellants call attention to section 3 of part 1 of said act. That section reads as follows:

"The employés of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employers for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the Texas Employés' Insurance Association as the same is hereinafter provided for: Provided, that all compensation allowed under the succeeding sections herein, shall be exempt from garnishment, attachment and all other suits or claims, as are current wages now exempted by law." Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i.

Appellants further cite section 6, part 2, of said act, which reads as follows:

"If a subscriber enters into a contract, written or oral, with an independent contractor, to do such subscriber's work, or if a contractor enters into a contract with a sub-contractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work was executed by employés immediately employed by the subscriber, be liable to pay compensation under this act to such employés, the association shall pay to such employés any compensation which would be payable to them under this act if the independent or sub-contractors were subscribers. The associations shall, however, be entitled to recover indemnity from any other persons who would have been liable to such employés independently of this section, and if the association has paid compensation under the terms of this section, it may enforce in the name of the employés, or in its own name and for its own benefit, the liability of such other persons. This section shall not apply to independent or sub-contractors on any contract which is merely auxiliary and incidental to, and is no part of or process in, the trade or business carried on by the subscriber." Vernon's Sayles' Ann. Civ. St. 1914, art. 5246qq.

It is this section 6 that appellants rely upon, it seems to us, more than anything else in the act, as sustaining their contention, and we concede that able counsel for appellants have presented in their brief a very persuasive and ingenious argument in support of their contention, and we would be pleased to set out more at length their argument upon this contention if time and space would permit; but, conceding that the argument of counsel in this connection is quite plausible, we have concluded that the contention is not sound. We have discovered nothing throughout the entire act under consideration, that has caused us to believe that it was the intention of the Legislature of this state to give to an insurance company in the attitude of appellants here the right to reimburse itself for moneys paid out in compliance with the provisions of its policy, and under the terms of the act, on account of an injury or death to an employé of a subscriber under the act, by pursuing some third person whose negligence might have caused such injury or death; and that is precisely what appellants are attempting to do in this instance.

In the case of Dallas Hotel Co. v. Fox, 196 S. W. 647, the Amarillo Court of Civil Appeals had under consideration the language of section 6 of the act, as above quoted, and that court held that the language of that section, coupled with other portions of the act, limits the injured employé under compensation, as well as the beneficiary, to the relief provided as against the insurance company, and that a negligent third person could not be held liable to the employé or his beneficiary. If the decision in that case be correct, then, of course, Mrs. Rowena Hauck could not have recovered in her suit against the Houston Lighting & Power Company, and, as stated by appellants, the payment by that company of any sum to her on account of the death of Otto Hauck was a mere gratuity. Counsel for appellants question, however, the correctness of the decision in that case, but at the same time contend that even if the decision in that case be correct still it does not necessarily militate against their contention here. We have read with much care the opinion of the Amarillo court in that case, and while the question there decided is not the precise question here, yet we are unanimously of the opinion that that court reached a correct conclusion on the question there, and that its reasoning is quite persuasive on the question here. We note that the Supreme Court, acting through the committee of judges, granted a writ of error in Dallas Hotel Co. v. Fox, but in doing so made this notation:

"Referred application granted. We are inclined to approve the conclusions expressed in the opinion of Mr. Justice Hall, yet the construction given to the Employers' Liability Act will apparently be conclusive upon the rights of the parties in the suit, and, moreover, the proper construction of the act as applied to the facts is otherwise important to any final disposition of the case."

We cannot feel that the Legislature, when it passed the act in question, if it intended thereby to take away absolutely all right of action of an employé and beneficiary as against some negligent outsider, could have also intended that an insurance company under the act should have a cause of action for reimbursement as against some negligent outsider, such as the Houston Lighting & Power Company in this instance, without expressly so providing. As stated by counsel for appellants in their brief, it is generally known and understood that the Texas Workmen's Compensation Act of 1913 was modeled after the Massachusetts act on the same subject, and, indeed, was in nearly all respects a copy of the Massachusetts act. Section 15 of part 3 of the Massachusetts act (St. 1911, c. 751), which applies to the case of an injury to an employé of a subscribing employer by a third party, gave the option to proceed

against the third person causing the injury or against the insurance company, "but not against both," and further expressly provides:

"And if compensation be paid under this act, the association may enforce in the name of the employé, or in its own name, and for its own benefit, the liability of such other person."

Now, if the Legislature of Texas, in adopting the act of 1913 on this subject, had intended to give to the insurance companies the right of action here claimed, it is strange, indeed, that it did not incorporate this very positive and clear provision of the Massachusetts act as a part of its own on the same subject, rather than leave the matter for construction by any court at all. It will be found upon comparison of the Texas act with the Massachusetts act that many of the sections of the two acts are literally the same, and yet this clear and positive provision of the Massachusetts act, giving the insurance company the right to reimbursement against the negligent act of a third party causing injury or death to an employé of a subscriber is entirely omitted from the Texas act. We cannot believe that it was the intention of the Legislature of this state, in passing the Workmen's Compensation Act, to leave to an insurance company in the attitude of appellants here a cause of action as against some negligent outsider whose acts or conduct might cause injury or death to an employé of a subscriber under the Texas act. But even if the Supreme Court of this state, when it comes to decide the question as raised in Dallas Hotel Co. v. Fox, should hold that an employé or his beneficiary under the Texas act may sue a negligent outsider causing injury or death to such employé, still it would seem to us that such holding would be adverse to the real contention of appellants here, because we are not able to understand just how the employé, or, in case of his death, his beneficiary, would have the right to sue the negligent outsider, and at the same time an insurance company would have that same right; certainly it seems to us that the same cause of action could not be in both of them at the same time.

But it is further argued by appellants that the Texas death-injury statute provides only for compensatory damages, and that if Mrs. Hauck was not debarred from suing and recovering as against the Houston Lighting & Power Company then her action would be under the death statute, and that under that statute she would be able to recover only actual damages; and they then assume, for the purposes of argument, that Mrs. Hauck was not debarred from suing the Houston Lighting & Power Company, and that it lay within her power to pursue the lighting and power company, and to be fully compensated for her actual damages, as provided by the death statute. They then contend that since she did not carry the suit to judgment against that company, but compromised it and accepted $3,500, in cash and made a contract with reference to a fund of $4,000, which awaits the decision of this suit, and that since this settlement was made with full knowledge on the part of all defendants that appellants were claiming the right to be reimbursed for the amount of money paid out by them, they should be permitted to recover this fund in the bank to the extent of the amount paid by them. They further argue that if this money in the bank is adjudicated to Mrs. Hauck it will mean that the Houston Lighting & Power Company could not, under any hypothesis, be held to respond in damages to the insurance companies, or be required to reimburse them for the loss sustained; that it would mean that Mrs. Hauck, having compromised the suit, and having expressly recognized the fact of the insurance companies' demand for reimbursement, in the terms of her settlement, could nevertheless take all the money, with interest, and the insurance companies would have to stand a loss.

We think that appellants' construction of what the effect of such holding would be is correct, but still we are of opinion that there is nothing express or by implication in the Texas act under consideration which gives to appellants the right to pursue the Houston Lighting & Power Company for causing the death of Otto Hauck, or that gives them the right to participate in the fund now held to await the decision of this suit. As to the contention of appellants that they are entitled to pursue the Houston Lighting & Power Company, or to participate in said fund held by the bank to await the outcome of this suit upon the principle of equitable subrogation, we have concluded that there is nothing in their contention. We have carefully read every authority that we have found in appellants' brief, but we have been unable to find any that sustains their contention on this point, and, without discussing them, we must conclude that we see nothing in this case that invokes the principle of equitable subrogation, as contended for.

Appellants, as all other insurance companies permitted by the Workmen's Compensation Act to do this character of business, presumably are fully compensated for the risks that they undertake in the way of premiums, etc., and if they were permitted to have recourse against outsiders and reimburse themselves for all moneys that they may be compelled to pay out under their contracts of insurance, then it occurs to us that such insurance companies would be incurring no risks whatever in a great many cases of injury and death occurring daily, but, on the contrary, it would be an almost unlimited field for litigation, because in every instance where such companies might think they could reimburse

themselves by filing suit against some outsider they would be apt to do so, and the Workmen's Compensation Act, instead of being only a quick and certain remedy and relief to workmen who are injured in the course of their employment and to their dependents, as it was supposed to be, and to cut off long drawn out and uncertain litigation because of such injuries, would be a most prolific field of litigation, so far as the insurance companies in pursuing outsiders would be concerned.

We think that there was no error committed by the trial court in sustaining the general demurrers interposed in this case, and appellants' assignment of error on that point is overruled, and the judgment of the trial court is in all things affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes