## SOUTHERN SURETY CO. v. HOUSTON LIGHT & POWER CO. et al.
### (No. 196–3252.)

(Commission of Appeals of Texas, Section A. April 26, 1922.)

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Southern Surety Company against the Houston Light & Power Company and others. Judgment for defendants was affirmed by the Court of Civil Appeals (203 S. W. 1115), and plaintiff brings error. Affirmed.

W. J. Weaver and J. S. Simkins, both of Corsicana, for plaintiff in error.

Locke & Locke and Paul O'Day, all of Dallas, for defendants in error.

SPENCER, P. J. Otto Hauck, an employé of Frank Schott, was killed in the latter's bakery in the city of Houston by an electric shock received in the course of his employment. The electricity was generated and conveyed to the bakery by the Houston Lighting & Power Company 1905, a corporation.

Hauck's wife, his mother, and his father instituted suit against the power company to recover for the latter's negligence in killing the deceased. The father and mother for a consideration transferred their interest in the claim for their son's death to the wife. The wife in turn compromised the suit with the power company for the sum of $7,500. $3,500 was paid in cash; the balance not to be paid until there was a final adjudication in the courts as to whether the Southwestern Surety Insurance Company was subrogated by reason of being the insurer of Frank Schott, under the Texas Workmen's Compensation Act. If the subrogation issue should be determined in favor of the Insurance Company, the Power Company was to pay the insurance company the amount to which it was entitled in virtue of its subrogation claim; the balance to be paid to the wife of the deceased.

Plaintiff in error, Southern Surety Company, successor to all the assets and liabilities of the Southwestern Surety Insurance Company, instituted this suit against the power company, Hauck's wife, and her attorneys of record in the suit against the power company, alleging the above facts, and prayed that it have judgment against the power company for $4,000, that the power company be discharged as to any liability to any of the other defendants asserting claim to the fund, and that each of the defendants be divested of any right, title, or interest in or to the fund.

The trial court sustained a general demurrer to plaintiffs in error's petition and dismissed the cause, and upon appeal the judgment of the trial court was affirmed. 203 S. W. 1115.

The honorable Court of Civil Appeals held that the Texas Workmen's Compensation Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]) does not confer authority upon the insurer to reimburse itself for compensation paid to an injured employé as against a third person through whose negligence the injury occurred, nor permit it to be subrogated to the rights of the beneficiary as against such third person.

In the case of Gussie Fox et al. v. Dallas Hotel Co., 240 S. W. 517, the Supreme Court, in an opinion by Mr. Justice Greenwood, delivered April 19th, ruled that an employé under the act of 1913 who is injured during the course of his employment is entitled to receive compensation under the act without depriving him of his right to maintain his action for damages against such third person whose tort caused the injury, and that the insurer, under the act, is not entitled to be subrogated to the rights of the beneficiary as against such third person.

Upon the authority of that case as determining the only issue in this case, we recommend that the judgment of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.