## CONSOLIDATED UNDERWRITERS v. KIRBY LUMBER CO.   (No. 906.)*

(Court of Civil Appeals of Texas. Beaumont. March 28, 1923. Rehearing Denied April 4, 1923.)

**1. Statutes ⊗➞114(2)—Provisions embracing subject not expressed in title invalid.**

The title of Workmen's Compensation Law (Gen. Laws 1917, c. 103; Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) does not disclose a purpose or intention to give to an insurance association under the act a cause of action against a third person for death of an employee of a subscriber under the act, caused by a wrongful or negligent act of any such third person, and the provisions of section 6a (article 5246—47) in so far as they purport to give to such an insurance association such a cause of action is clearly violative of Const. art. 3, § 35, in that it embraces and contains a subject of legislation not expressed in the title.

**2. Limitation of actions ⊗➞105(2)—Unauthorized filing of suit by insurance company for wrongful death of insured employee does not toll statute of limitations as to right of action by his heirs.**

An insurance association, having under the Workmen's Compensation Act (Gen. Laws 1917, c. 103; Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) paid compensation for the death of an employee, nevertheless had no remedy against a third person for wrongful death of such employee, and therefore, having no right under Rev. St. arts. 4698, 4699, to file a suit for such wrongful death in the first instance, the statute of limitations against the heirs of such employee continued to run, notwithstanding such heirs by intervention attempted to adopt the pleadings of the insurance association.

**3. Death ⊗➞31(1)—Persons who may sue enumerated by statute.**

An action for death must be brought by one authorized by Rev. St. arts. 4698, 4699, to bring it, and not merely by one who assumes the right to bring it for the use of the designated parties, but who in fact has no such authority.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Action by the Consolidated Underwriters against the Kirby Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

C. A. Lord, of Beaumont, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

HIGHTOWER, C. J.   This was a suit brought by an insurance association as plaintiff, under the provisions of the Workmen's Compensation Act of this state, as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), seeking judgment against one whose negligence it is alleged caused the death of an employee covered by a policy of insurance issued by the plaintiff, so that the plaintiff might be reimbursed and subrogated to the rights of certain beneficiaries of the deceased to the extent of liability incurred by the plaintiff under the terms of its policy.

The plaintiff's first amended original petition, to which a general demurrer was interposed by the defendant, so far as necessary to be here quoted, was as follows:

"Comes now the plaintiff in the above entitled and numbered cause, and with leave of the court first obtained, files this its first amended original petition, in lieu of its original petition heretofore filed herein, and now alleges the following:

"To the Honorable District Court of Said County: Your petitioner, Consolidated Underwriters, hereinafter called plaintiff, now complaining of the Kirby Lumber Company, hereinafter called defendant, represents:

"That the plaintiff is a mutual, reciprocal insurance association duly authorized as such to do and transact business in the state of Texas and to carry on an insurance business under the terms and provisions of what is known as the Compensation Law of the State of Texas, and authorized to issue policies of insurance as such; and that the defendant is a private corporation duly incorporated under the laws of the state of Texas, whose president is John H. Kirby, who resides in Harris county, Tex., upon whom service of process herein may be had.

"That this suit is brought by the plaintiff, Consolidated Underwriters, under the provisions of part II of the Compensation Act of the State of Texas as passed by the Legislature of said state in 1917, for the benefit of itself under its rights of subrogation as provided in said Compensation Law, and for the benefit of Mrs. Fornia Austin, a widow who has been permanently abandoned by her husband, and for the benefit of Miss Emma Singletary, now Emma Morgan, wife of Babe Morgan, both of whom are the surviving daughters of Joe Singletary, deceased, and, under the terms and provisions of the said Compensation Law, are sole beneficiaries of the said Joe Singletary, deceased, and they will be hereinafter referred to as beneficiaries for the purposes of this suit; and this suit is likewise brought for the benefit of any and all other persons who might be entitled to any recovery in such suit under the provisions of the statutes of this state on account of the death of the said Joe Singletary under the allegations herein made.

"Plaintiff alleges that on and prior to December 8, 1919, Joe Singletary, above referred to, was in the employ of T. B. Allen & Co., which company was a private corporation duly incorporated under the laws of the state of Texas, and had in its employ large numbers of employees and was engaged in the manufacture and sale of wooden staves, and as such manufacturer was carrying on its business in Jasper county, Tex., and as such employer it was entitled to become a subscriber within the terms of the Compensation Law of the State of Texas and had become such subscriber and had procured insurance as such under the terms of

---

said law from the plaintiff herein, and the plaintiff herein had issued to said company a policy of insurance entitling said company to protection under all of the terms and provisions of said Compensation Law, and such policy of insurance covered the said Joe Singletary as such employee.

"That on or about the 8th day of December, 1919, while the said Joe Singletary was in the employ of said T. B. Allen & Co., and acting in all respects in the course of his employment, he received personal injuries from which he died within a few days. And the said Joe Singletary became entitled to compensation arising on account of his injuries as long as he lived, and his beneficiaries herein referred to became entitled to the compensation arising on account of his death resulting from said injuries thereafter, under all of the terms and provisions of the Compensation Law. And at the time of said injuries the said Joe Singletary was receiving as his average weekly wage the sum of $16.50, so that he was entitled during his lifetime to receive 60 per cent. of said sum, or the sum of $9.90 per week, and said beneficiaries a similar sum during the compensation period, under the Compensation Laws of this state, which would be a period of 360 weeks after his death.

"That the said Joe Singletary in his lifetime duly made application for the allowance of compensation through the Industrial Accident Board of the State of Texas, and such compensation was allowed, and this plaintiff paid to him the sum of $19.80 as compensation accruing during his lifetime.

"That the said Joe Singletary died from said injuries on the 4th day of January, 1920, and his beneficiaries duly made application for compensation and claimed that they were the daughters of the said Joe Singletary, deceased, and that they were wholly dependent upon him and that as such daughters they were entitled to receive the compensation arising in the premises, and the plaintiff now alleges that said beneficiaries are the daughters of said deceased and were wholly dependent upon him within the terms and provisions of the said Compensation Law, and as such dependents were entitled to receive the compensation arising under said law. And the Industrial Accident Board of this state, upon a hearing of such claim, found that on December 8, 1919, said T. B. Allen & Co. was a subscriber within the terms of said Compensation Law and carried a policy of insurance with this plaintiff, and that the said Joe Singletary on said date was in the employ of said T. B. Allen & Co. and as such employee was covered by such policy of insurance issued as aforesaid, and that on said date while said Joe Singletary was engaged in the course of his employment he sustained injuries which produced his death, and that the average weekly wage of said Joe Singletary, made the predicate of compensation, was the sum of $15.86, and that his legal beneficiaries were entitled to recover compensation at the rate of $9.52 per week, and that the said Joe Singletary left surviving him Mrs. Fornia Austin and Miss Emma Singletary, the beneficiaries herein referred to, as the sole surviving legal beneficiaries entitled to recover compensation, and that they were entitled to recover compensation from this plaintiff for the period of 360 weeks at the rate of $9.52 per week, the same to be payable weekly as it accrued, beginning on the 8th day of December, 1919, and continuing thereafter; and the said Industrial Accident Board entered its order and finding accordingly so that the said beneficiaries became entitled to receive and to be paid by this plaintiff, the compensation so awarded, and this plaintiff had·paid to said beneficiaries the compensation so arising and has assumed the payment of the entire amount of said compensation as allowed, and it had become and is still liable to pay the said amount of compensation to said beneficiaries in the aggregate sum of $3,427.20.

"Plaintiff alleges that the injuries to the said Joe Singletary, deceased, for which compensation was and is payable as aforesaid, was caused under the circumstances creating a legal liability against the defendant herein to pay damages in respect thereof, and the person entitled to receive such compensation and to recover such damages have elected to accept the compensation accrued in the premises under the provisions of the Compensation Law of this state as aforesaid rather than to proceed at law against the defendants herein for the recovery of damages arising under the facts hereinafter alleged, and this plaintiff, having paid and assumed to pay the said compensation arising, it is entitled to prosecute this suit for its own benefit and for the benefit of the said beneficiaries and any other persons who may be entitled to any recovery against the defendant herein. And the plaintiff now alleges the following as forming a predicate for the legal liability herein asserted."

Proceeding further, the petition states fully and in detail facts which, if true, show that the death of Joe Singletary was proximately caused by the negligence on the part of defendant, Kirby Lumber Company, and in that respect the petition was wholly sufficient.

The petition further proceeds as follows:

"That the said Joe Singletary, deceased, was a reasonably healthy and robust person of about 60 years of age and was earning the sum of $16.50 per week and would have continued to earn such amount or more, and have contributed his said earnings to support of the said beneficiaries herein referred to and would have continued to do so for the remainder of his lifetime and theirs, and deceased lived with said beneficiaries and did the chores about the place and contributed every way to the maintenance of said beneficiaries and would have continued to do so, so that the said beneficiaries would have been entitled to recover as actual damages against the defendant the sum of $10,000, and so that this plaintiff is entitled to recover said sum under its rights provided by the terms of part II of the Workmen's Compensation Law of this state; that is to say, so that this plaintiff is entitled to recover against the defendant herein the full amount paid by it and assumed to be paid by it as the compensation arising in the premises, together with all reasonable cost of enforcing such liability against the defendant herein. And it alleges that a reasonable cost for enforcing such liability would be the sum of $1,000. And so

that this plaintiff is entitled to recover all actual damages arising in the premises, to the end that it may be reimbursed for such compensation and the cost of enforcing such liability, and to the end that the said beneficiaries and all parties entitled to recover such actual damages resulting from the negligence aforesaid may have the excess of any recovery that may be had over and above the amount of said compensation paid and assumed to be paid by this plaintiff and the cost of enforcing such liability, such excess to be apportioned among those entitled to receive this same.

"Wherefore, the premises considered, and defendant having already answered herein, the plaintiff prays that upon final trial hereof it have judgment against the defendant for said actual damages in the sum of $10,000, for the joint use and benefit of this plaintiff and said beneficiaries and all parties entitled to share in said recovery under what is known as the death statute of this state, and in accordance with the provisions of part II of the Compensation Act of this state; and it prays for apportionment according to law, and for all costs of suit, and for general and special relief, legal and equitable."

It will be observed that the petition shows that the injury to Singletary was sustained on December 8, 1919, resulting in his death on January 4th following. It also will be observed that the plaintiff insurance association claims the authority to bring and maintain this suit solely under the provisions of section 6a of part 2 of the act of 1917 (article 5246—47), which section is as follows:

"Sec. 6a. Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this act, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under the provisions of this act; if compensation be claimed under this act by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

It is very clear that by section 6a, just quoted, an insurance association incurring liability under a policy covering an employee is given a cause of action against any person other than a subscribing employer for the death of an employee negligently caused by such other person under circumstances and limitations specified by that section; and it is also clear that a suit for that purpose may be brought by the association in its own name as the plaintiff, and the suit may also be for the use and benefit of those who are beneficiaries of the deceased employee, and such is the character of the suit by the association in this cause, as shown by its first amended original petition, which was filed June 12, 1922, more than two years after the injury and death of Joe Singletary. What the character of the suit was as made by the association's original petition does not appear from the record.

On the same day that the amended petition was filed, Singletary's daughters named therein filed a petition of intervention, in which they adopted the allegations of the plaintiff association's amended petition, and also its prayer.

The defendant, Kirby Lumber Company, interposed as against the association's amended petition a general demurrer, and met the petition of intervention by a special exception on the ground that the interveners were barred by the statute of limitation of two years. Both the general demurrer and special exception were sustained, and the plaintiff and interveners declining to amend, the suit was ordered dismissed, and plaintiff and interveners have prosecuted this appeal from that order.

It is not necessary to mention and discuss the assignments of error and propositions thereunder in the order in which they are found in appellants' brief, but what we shall say will have the effect to dispose of them all.

The general demurrer interposed by the defendant, Kirby Lumber Company, attacked the petition of the plaintiff association on the ground, substantially, that the provision of section 6a, pt. 2, of the Compensation Act, above quoted, giving an insurance association, under the act, a cause of action against any person other than a subscribing employer, whose negligent act causes the death of an employee is violative of article 3, § 35, of our state Constitution, in that no such subject is expressed in the title of the act of which section 6a is a part, and that therefore so much of said section is unconstitutional and invalid.

Article 3, § 35, of the Constitution of Texas is as follows:

"Sec. 35. No bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced

in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title of the 1917 Workmen's Compensation Law is as follows:

"An act to amend chapter 179 of the General Laws of the State of Texas passed at the regular session of the Thirty-Third Legislature, entitled, 'An act relating to employers' liability and providing for the compensation of certain employees, and their representatives and beneficiaries, for personal injuries sustained in the course of employment, and for deaths resulting from such injuries, and to provide and determine in what cases compensation shall be paid, and to make the payment thereof more certain and prompt by the creation of an insurance association to insure and guarantee such payments and of an industrial accident board for the investigation of claims and for the adjudication thereof for consenting parties, fixing the membership and powers of said board and its compensation and duties, and the method of its appointment, and the term of office of its members and fixing also the powers, duties and liabilities of said insurance association and the extent of control over same to be exercised by the commissioner of banking and insurance, and providing also for the insurance of payments of compensation to employees by certain other insurance companies and organizations,' and declaring an emergency." Gen. Laws of Texas, 35th Legislature 1917, c. 103, p. 269.

[1] After a very careful consideration of the title of the act, as above quoted, we have reached the conclusion that there is nothing in it that discloses any purpose or intention on the part of the Legislature to give to an insurance association under the act a cause of action against any third person for the death of an employee of a subscriber under the act, caused by a wrongful or negligent act of any such third person. The title appears to relate to and deal solely with the employer, employee, and the insurance associations mentioned, and to provide for an industrial accident board and its powers and duties. Neither the rights, liabilities, nor duties of any other person, natural or artificial, are mentioned in this title. The primary and controlling purpose of the Legislature was to materially and largely change the legal liability of employers to their employees, and to insure quick and certain compensation to such employees, and it seems to us that it is utterly impossible to conclude, from the language of this title, that it was the Legislature's purpose to give to an insurance association mentioned in the title a cause of action for death against any person not mentioned or referred to expressly or by fair implication throughout the title. If we are correct in this conclusion, it follows that so much of section 6a above quoted as does expressly give to the insurance association mentioned in the title a cause of action for the death of an employee under the act as against some third person, by whose negli-

gence the death was caused, is clearly violative of article 3, § 35, of the Constitution, in that said section embraces and contains a subject of legislation not expressed in the title of the act.

The act of 1917 was an amendment of the original act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246 zzzz), and all the appellate courts of this state, so far as we know, that have had occasion to construe the original act, held that it did not give to an insurance association a cause of action for the death of an employee as against a third person. Such holding was first made by this court in the case of Southern Surety Co. v. Houston Light & Power Co., 203 S. W. 1115. The same holding was made by the Supreme Court in the case of Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. But it is not contended by appellant that under the original act of 1913, an insurance association was given a cause of action for the death of an employee as against some third person causing such death, nor is it contended by appellant, as we understand, that under any rule of law of this state, other than the provision contained in section 6a above quoted, would an insurance association, under the Workmen's Compensation Act, have a cause of action against any person causing the death of an employee under the act. We think that it is very clear that so much of the provision of section 6a above quoted as expressly gives to an insurance association under the act a cause of action to any extent against some negligent third person is clearly invalid because violative of article 3, § 35, of the Constitution, in that no such subject of legislation as contained in section 6a is expressed in the title of the act itself. Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804; M., K. & T. Ry. Co. v. State, 102 Tex. 153, 113 S. W. 916; Morrill v. Smith County, 89 Tex. 529, 36 S. W. 56; Gunter v. Land, etc., Co., 82 Tex. 507, 17 S. W. 843; Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103, 200 S. W. 521. True, in the cited cases the legislation here involved was not under consideration, but the reasoning of the court in such cases has clear application in determining the constitutionality of the legislation here in question. We have concluded that the trial court was not in error in sustaining the general demurrer to the plaintiff's petition, and all contentions made by appellant to the contrary are overruled.

The next question for determination relates to the ruling of the court in sustaining the special exception interposed by the defendant to the intervener's petition. That petition was filed on June 12, 1922, considerably more than two years after the injury and death of their father, Joe Singletary, and therefore the cause of action there asserted was barred by the statute of two years' limitation. Interveners contend, how-

ever, that they were not barred because they were named in the amended petition filed by the plaintiff insurance association on June 12, 1922, and that the plaintiff expressly alleged in such petition that it sued for the use and benefit of interveners, as well as itself.

The appellee meets this contention by two counter propositions, which are as follows:

"The two-year statute of limitation is a bar to interventions filed more than two years after the accident involved occurred, even though the interveners may have been interested in the recovery as usees under the pleadings theretofore filed; such interveners not having been parties to the suit theretofore.

"The insurance carrier having no right to file the suit in the first instance, the statute of limitations continued to run as to interveners until the interventions were filed."

[2] As stated above, the record before us does not disclose the original petition filed by the plaintiff insurance association in this cause, and we cannot tell whether in that petition the interveners were even mentioned. So far as this record discloses, they were mentioned for the first time in the amended original petition of the plaintiff, filed as we have shown more than two years after the cause of action arose. It is unnecessary for us to determine whether appellee's first counter proposition above mentioned, contending that interveners were never parties to this suit prior to the filing of their plea of intervention, although the plaintiff insurance association alleged in its amended petition that the suit was for their use and benefit, and we do not determine that point. We do, however, consider sound, and therefore sustain, the appellee's second counter proposition, contending that the plaintiff in this case, the insurance association, having no valid authority to file this suit in the first instance, the statutes of limitation continued to run as against interveners until their formal pleas of intervention were actually filed.

The rule seems to be laid down in 1 Corpus Juris, § 87, p. 983, as follows:

"If a plaintiff has no legal cause of action he cannot maintain an action for the benefit of another; but a party in whom is the legal right of action may, as respects the defendant, bring his action for the use of whatever person he may choose."

If we are correct in our conclusion above, that the plaintiff in this case, the insurance association, had no valid cause of action against the appellee because of the death of Joe Singletary, the father of interveners, it must follow that the filing of this suit by the plaintiff did not have the effect to stop the running of limitations as against the interveners, although the plaintiff alleged that it was suing for their use and benefit. There was no claim of authority in the plaintiff's petition for bringing the suit for the use and benefit of interveners, other than such authority as it claimed under the invalid act, as we have held, of the Legislature. The rule announced in Corpus Juris and just quoted seems to be fully sustained by the following adjudicated cases: State, etc., v. Bank of Quitman, 117 Ga. 849, 45 S. E. 236; Norwich Union Fire Ins. Co. v. Wellhouse, 113 Ga. 970, 39 S. E. 397.

[3] The plaintiff insurance association did not have authority to bring this suit for the use and benefit of the interveners under any of the statutes known as "Death Statutes" of this state.

Article 4698, Revised Civil Statutes, relating to injuries resulting in death, provides:

"The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been caused, and the amount recovered therein shall not be liable for the debts of the deceased."

Article 4699 provides:

"The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all."

Thus, it seems that while an action for death may be brought by one person for the use of someone else, as well as himself, by reason of the statute, still such an action must be brought by some person authorized by the statute to bring it, and not merely by some person who assumes the right to bring it, but who, in fact, has no such authority.

What we have said, in effect, disposes of all assignments of error, and it is our conclusion that the trial court's judgment should be affirmed, and it has been so ordered.